23 So.2d 553

## JONES v. STATE.

7 Div. 830.

Court of Appeals of Alabama.

June 28, 1945.

Rehearing Denied Aug. 7, 1945.

A. L. Crumpton, of Ashland, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

RICE, Judge.

There is no question but that the people whose actions gave rise to the prosecution resulting in this appeal belonged to the "submerged tenth," as that term was given currency by William Booth, General of the Salvation Army.

Appellant was indicted, tried, and convicted for and of the crime of incest, denounced by Code 1940, Title 14, Section 325.

The specific charge against him, preferred in the way prescribed by the Code (Code 1940, Title 15, Section 259, form 67) was—in separate counts of the indictment—that he had intercourse with his two young daughters.

We do not propose to detail any part of the sordid testimony. It is revolting in the extreme. And, to our minds, unsatisfactory—as supporting the conviction.

But there was testimony supporting the charge; and that opposed was not so overwhelming and compelling as to convince us that it is our duty to reverse the action of the learned, just and fair judge who presided at the trial, and who, after hearing and seeing the witnesses who testified, refused to set aside the verdict of the jury. If a great wrong has been done, the onus must rest on him.

Nothing occurring during the trial deserves detailed treatment here. There were no exceptions reserved on the taking of testimony that were to rulings which were not, obviously, either correct or innocuous. The two written, requested, and refused charges appearing in the record were, likewise, obviously refused without error.

Unless it was error to overrule appellant's motion to set aside the verdict of the jury and grant him a new trial, we unhesitatingly affirm that no error was committed for which the judgment of conviction should be reversed.

And for the reasons we have stated above—in view of the presumption that prevails—we are unable to adjudge the trial court in error in this ruling.

The judgment must be affirmed.

And it is so ordered.

Affirmed.